Case 2:16-cv-04929-MAK   Document 28   Filed 12/22/16   Page 1 of 6

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| T. LEVY ASSOCIATES, INC. | : CIVIL ACTION |
| v. | : NO. 16-4929 |
| MICHAEL R. KAPLAN, *et al.* | : |

### MEMORANDUM

**KEARNEY, J.**                                                                                                December 22, 2016

The complexity of our economic model often requires businesspersons hire experienced lawyers to counsel them in a wide variety of business and personal matters. Providing advice on one issue does not preclude the lawyer from ever opposing the businessperson on an entirely unrelated issue. Clients are entitled to a lawyer of their choosing and often there is a limited number of qualified lawyers to ably assist businesspersons. Otherwise, talented and sought-after attorneys would be penalized for their skill. The Rules of Professional Conduct prohibit a lawyer from representing a client in a matter substantially related to her earlier representation of the new client's adversary. This Rule allows clients to retain a chosen lawyer so long as the lawyer did not gain client confidences from a former client whom she is now suing. When, as here, earlier clients are uncomfortable with being sued in a business torts case by an adversary with a law firm with whom they may have once hired in unrelated estate, landlord-tenant or collection matters, the earlier clients must adduce sufficient evidence of a disqualifying client confidence and the present representation is substantially related to the earlier representation. Allegations are not enough. Absent the requisite evidence, we deny the earlier clients' motion to disqualify opposing counsel in the accompanying Order.

**I. Facts**

T. Levy Associates sued its former employee Michael R. Kaplan, his wife Nina Kaplan, and Ms. Kaplan's retail business BLC Beauty, Inc. for embezzlement, misuse of T. Levy funds to pay BLC Beauty's rent, and diversion of T. Levy's customer sales to BLC Beauty sales.[1] T. Levy also alleges Mr. Kaplan and Deyvid DeMelo conspired to destroy data on T. Levy's computer to cover up their conspiracy.[2]

The Kaplans, Mr. DeMelo, and BLC Beauty ("Defendants") now move to disqualify T. Levy's counsel Spector, Gadon & Rosen, P.C. ("Spector Gadon") under Pennsylvania Rules of Professional Conduct 1.9 and 1.10. Defendants allege Michael H. Cross, Esquire represented the Kaplans when preparing their estate planning documents before he joined Spector Gadon in 1996. Defendants also allege Attorney Cross represented BLC Beauty in litigation against its landlord Princeton Forrestal Village. Defendants allege Barry S. Brownstein, Esquire represented Ms. Kaplan and BLC Beauty in litigation as a member of Spector Gadon. Defendants' cursory motion alleges one area Spector Gadon might have acquired "confidential information": Attorney Cross might have acquired "confidential information" regarding the Kaplans' personal financial information while preparing their estate planning documents. Defendants do not allege what confidential information, if any, Attorney Cross or Attorney Brownstein acquired through the representations of Ms. Kaplan and BLC Beauty.

T. Levy counters with Attorney Cross' sworn declaration he does not recall providing estate planning legal services to the Kaplans and does not prepare wills and trusts.[3] He also declares he joined Spector Gadon in 1996.[4]

To counter suspicions arising from Attorney Cross and Spector Gadon's alleged earlier representation of BLC Beauty, Inc., T. Levy attaches a complaint in *PF Village LLC v. T. Levy*

2

*Associates Inc.* and argues Spector Gadon represented T. Levy in the litigation, not BLC Beauty.[5] Spector Gadon further argues BLC Beauty is a Pennsylvania entity who never rented property in Princeton and the now-defunct New Jersey entity BLC Beauty is the entity who may have rented property.[6] Finally, Spector Gadon states Attorney Brownstein, not Attorney Cross, is counsel of record against PF Village, Inc.[7]

Regarding Attorney Brownstein's alleged prior representation of Ms. Kaplan and BLC Beauty, Spector Gadon assumes it "is apparently a collection action in which Spector Gadon attorney John T. Asher, III, represented T. Levy Associates as an intervening plaintiff in an action against Beauty Business Group."[8] Defendants adduce no evidence of shared confidences or any substantial relationship between these alleged limited representations in estate, collection and landlord tenant matters and this business torts dispute between a business owner and its former manager and alleged co-conspirators.

## II. Analysis

Pennsylvania Rule of Professional Conduct 1.9(b), which applies under Local Rule 83.6(IV)(B), prevents an attorney from representing a client against a party the attorney previously represented and the attorney gained confidential information he could use to his former client's disadvantage. Disqualification is proper under Rule 1.9 "[i]f the client in the prior representation might have imparted confidential information to his lawyer to aid the lawyer in dealing with particular issues, and if issues arise in the second suit which would permit the use of such confidences against the original client, the substantial relationship test is met, and disqualification is required...."[9]

The party seeking disqualification has the burden proving: "(1) that a past attorney/client relationship existed which was adverse to a subsequent representation by the law firm of the

other client; (2) that the subject matter of the relationship was substantially related; (3) that a member of the law firm, as attorney for the adverse party, acquired knowledge of confidential information from or concerning the former client, actually or by operation of law."[10] "The party seeking to disqualify opposing counsel must make a clear showing that continued representation would be impermissible and that disqualification is 'necessary.' Vague and unsupported allegations are insufficient to meet this burden."[11]

### 1. Attorney Cross' earlier representation of the Kaplans.

The Kaplans allege Spector Gadon, through Attorney Cross, "might have acquired" confidential personal financial information when he prepared their estate planning documents. The Kaplans allege Attorney Cross represented them before he joined Spector Gadon. Attorney Cross, an officer of this Court, swore he joined Spector Gadon in 1996 and he did not recall and could not locate any information showing he represented the Kaplans before 1996.

Assuming Attorney Cross did represent the Kaplans before 1996 in preparing estate planning documents, the Kaplans fail to meet their burden to show Attorney Cross' knowledge of their pre-1996 personal finances could be used to their disadvantage. Explanatory Comment 3 to Pa. R.C.P. Rule 1.9 instructs "information acquired in a prior representation may have been rendered obsolete by the passage of time." T. Levy alleges between 2008-2016 the Kaplans embezzled, committed fraud, committed conversion, and destroyed incriminating data. The Kaplans do not explain, and we cannot see, how their personal financial status before 1996 could be used by Spector Gadon to their disadvantage today. Any confidential pre-1996 personal financial information Attorney Cross might have acquired over nineteen years ago is now "rendered obsolete." By contrast, this case involves conduct which, with a most liberal reading, occurred beginning in 2008 when Michael Kaplan took over day to day management of T. Levy.

The Kaplans do not make a "clear showing" how Attorney Cross' hypothetical knowledge of their personal finances in or before 1996 could be used to their disadvantage.[12]

### 2. Spector Gadon's earlier representation of BLC Beauty and Ms. Kaplan.

BLC Beauty alleges Spector Gadon represented BLC Beauty in litigation against its landlord Princeton Forrestal Village. Ms. Kaplan and BLC Beauty allege Spector Gadon represented Ms. Kaplan and BLC Beauty "in litigation."[13] Spector Gadon swears it participated in both actions as counsel to its present client T. Levy and neither BLC Beauty nor Ms. Kaplan were parties to the litigation.

Even if we assume Ms. Kaplan and BLC Beauty's allegations of an attorney client relationship with Spector Gadon are true, they still do not allege how the prior representation is substantially similar to this case nor do they allege factual confidential information Spector Gadon might have acquired during the earlier representation. We are left with nothing but suspicion absent factual support.[14] Ms. Kaplan and BLC Beauty's "[v]ague and unsupported allegations are insufficient to meet [their] burden" and we do not disqualify Spector Gadon as counsel under Rule 1.9.[15]

### III. Conclusion

We deny Defendants' motion to disqualify Spector Gadon because they do not come close to meeting their burden to warrant disqualification under Pa. R.P.C. 1.9. Absent evidence, this case does not present a close call where we could find possible sharing of confidential information related to any possible issue in this business torts case.

---

[1] ECF Doc. No. 1 at 11-12.

[2] ECF Doc. No. 1 at 16.

---

[3] ECF Doc. No. 27-1 at 2.

[4] *Id.*

[5] ECF Doc. No. 27-1 at 6-7. BLC Beauty is not named or mentioned in the complaint.

[6] ECF Doc. No. 27-1 at 3. This New Jersey complaint distinguishes between the New Jersey BLC Beauty and the Pennsylvania corporation BLC Beauty who is the defendant. ECF Doc. No. 1 at 4 n.1.

[7] ECF Doc. No. 27-2 at 2.

[8] *Id.*

[9] *Realco Servs., Inc. v. Holt*, 479 F. Supp. 867, 871–72 (E.D. Pa. 1979).

[10] *Estate of Pew*, 655 A.2d 521, 545-546 (Pa. Super. 1994)(internal citations omitted).

[11] *Cipressi v. Bristol Borough*, No. 10-1584, 2012 WL 606687 at *2 (E.D.Pa. Feb. 27, 2012)(*citing Cohen v. Oasin*, 844 F. Supp. 1065, 1067 (E.D.Pa. 1994) and *Commercial Credit Loans, Inc. v. Martin*, 590 F. Supp. 328, 335-36 (E.D.Pa. 1984)).

[12] *Cipressi*, 2012 WL 606687 at *2 (internal citations omitted).

[13] ECF Doc. No. 26.

[14] Nothing in today's Order precludes Defendants from renewing their Motion should they obtain an evidentiary basis.

[15] *Cipressi*, 2012 WL 606687 at *2 (internal citations omitted).