**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| T. LEVY ASSOCIATES, INC., | : | |
| *Plaintiff,* | : | Civil Action No. 16-4929 (MEK) |
| | : | |
| | : | |
| v. | : | |
| | : | |
| MICHAEL R. KAPLAN, *et al.*, | : | |
| | : | |
| *Defendants.* | : | |

**PRAECIPE FOR WRIT OF EXECUTION**

TO THE CLERK:

ISSUE WRIT OF EXECUTION in the above matter, directed to the United States

Marshal for the Eastern District of Pennsylvania, and against:

| Michael R. Kaplan | Nina Kaplan | BLC Beauty, Inc. |
|---|---|---|
| 82 Lenape Road | 82 Lenape Road | 46 West Road |
| Richboro, PA 18954 | Richboro, PA 18954 | Newtown, PA 18940-4301 |

and against:

| TD Bank | Firstrust Bank | PNC Bank |
|---|---|---|
| 1900 Market Street | 1515 Market Street | 1600 Market Street |
| Philadelphia, PA 19103 | Philadelphia, PA 19103 | Philadelphia, PA 19103 |
| UBS Financial | First Site Banking | |
| Mellon Bank Center | c/o Firstrust Bank | |
| 1735 Market Street | 1515 Market Street | |
| Philadelphia, PA 19103 | Philadelphia, PA 19103 | |
| Pennington Investments LLC | FirstPay Premier | |
| 179 Matthew Circle | c/o Firstrust Bank | |
| Richboro, PA 18954-2047 | 1515 Market Street | |
| | Philadelphia, PA 19103 | |

(Name and Address of Garnishee)

garnishee, and index this writ against *_____ and against_____

_____as garnishee, as a lis pendens

against real property of the judgment debtor in the name of the garnishee, as follows:

Amount Due as to Michael R. Kaplan:                $966,262.50

Amount Due as to Nina Kaplan:                      $583,132.00

Amount Due as to BLC Beauty, Inc.:                 $583,130.50

Interest From June 30, 2017:                       $

Respectfully submitted,

SPECTOR GADON & ROSEN, P.C.

By: _Daniel J. Dugan_____
    Daniel J. Dugan, Esquire
    Bruce Bellingham, Esquire
    1635 Market Street, 7th Floor
    Philadelphia, PA 19103
    ddugan@lawsgr.com
    215.241.8872

July 17, 2017                      *Attorneys for T. Levy Associates*

*Applicable to real estate only (Rule 3104(c) Pa. R.C.P.).
Civ. 637

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| _____ | : | |
| T. LEVY ASSOCIATES, INC., | : | Civil Action No. 16-4929 (MEK) |
| *Plaintiff,* | : | |
| | : | |
| v. | : | |
| | : | |
| MICHAEL R. KAPLAN, *et al*., | : | |
| | : | |
| *Defendants.* | : | |

### WRIT OF EXECUTION

TO THE UNITED STATES MARSHAL FOR THE EASTERN DISTRICT OF
PENNSYLVANIA:

To satisfy judgment, interest, and costs against:

| | | |
|---|---|---|
| Michael R. Kaplan | Nina Kaplan | BLC Beauty, Inc. |
| 82 Lenape Road | 82 Lenape Road | 46 West Road |
| Richboro, PA 18954 | Richboro, PA 18954 | Newtown, PA 18940-4301 |

Name of Defendant(s)

(1.)  You are directed to levy upon the property of the defendant(s) and to sell his/her/its
interest therein:

**ANY AND ALL PERSONAL PROPERTY INCLUDING BUT NOT LIMITED TO
FURNITURE, FIXTURES, ARTWORK, FURNISHINGS, ELECTRONICS,
COMPUTERES, APPLIANCES, JEWELRY, CLOTHING, CASH, OR ANYTHING
ELSE OF VALUE BELONGING TO MICHAEL KAPLAN AND/OR NINA KAPLAN
AND/OR BLC BEAUTY, INC. LOCATED AT:**
**82 LENAPE ROAD**
**RICHBORO, PA 18954**

**ANY AND ALL PARTNERSHIP, MEMBERSHIP, CERTIFICATES, STOCK
CERTIFICATES, BUSINESS INTERESTS OR OTHER DOCUMENTS EVIDENCING
ANY INTEREST HELD BY MICHAEL KAPLAN AND/OR NINA KAPLAN, ANY AND
ALL ACCOUNTS PAYABLE, ALL ACCOUNTS RECEIVABLE, ESCROWS,
COMMISSIONS, PROFITS OR CAPITAL DISTRIBUTIONS, AND ANY OTHER
CONSIDERATION MADE OR TO BE PAID TO MICHAEL KAPLAN AND/OR NINA
KAPLAN AND ANY OTHER PROPERTY OR THING OF VALUE NOW OR
HEREAFTER HELD IN THE NAME OF OR IN POSSESSION FOR MICHAEL
KAPLAN AND/OR NINA KAPLAN AND/OR BLC BEAUTY, INC.; AND**

**ANY AND ALL PERSONAL PROPERTY INCLUDING BUT NOT LIMITED TO
INVENTORY, FURNITURE, FIXTURES, ARTWORK, FURNISHINGS,
ELECTRONICS, COMPUTERES, APPLIANCES, JEWELRY, CLOTHING, CASH, OR**

**ANYTHING ELSE OF VALUE BELONGING TO MICHAEL KAPLAN AND/OR NINA KAPLAN AND/OR BLC BEAUTY, INC. LOCATED AT:**

**BLC BEAUTY, INC.**
**46 WEST ROAD**
**NEWTOWN, PA 18940-4301**

(2.)  You are also directed to attach the property of the defendant(s) not levied upon in the possession of:

| | | |
|---|---|---|
| TD Bank<br>1900 Market Street<br>Philadelphia, PA 19103 | Firstrust Bank<br>1515 Market Street<br>Philadelphia, PA 19103 | PNC Bank<br>1600 Market Street<br>Philadelphia, PA 19103 |
| UBS Financial<br>Mellon Bank Center<br>1735 Market Street<br>Philadelphia, PA 19103 | First Site Banking<br>c/o Firstrust Bank<br>1515 Market Street<br>Philadelphia, PA 19103 | |
| Pennington Investments LLC<br>179 Matthew Circle<br>Richboro, PA 18954-2047 | FirstPay Premier<br>c/o Firstrust Bank<br>1515 Market Street<br>Philadelphia, PA 19103 | |

(Name of Garnishee)

as garnishee.

**ANY AND ALL BANK ACCOUNTS, SAFE DEPOSIT BOXES, MONIES, FUNDS, SHARES, DIVIDENDS, PROCEEDS, RETURNS OF CAPITAL, DISTRIBUTIONS, ACCRETIONS, OR ANY OTHER CONSIDERATION NOW OR HEREAFTER HELD IN THE NAME OF OR IN POSSESSION FOR MICHAEL R. KAPLAN AND/OR NINA KAPLAN AND/OR BLC BEAUTY, INC..**

(Specifically Describe Property)

and to notify the Garnishee(s) that

(a)    an attachment has been issued;

(b)    except as provided in paragraph (c), the garnishee is enjoined from paying any debt to or for the account of the defendant and from delivering any property of the defendant or otherwise disposing thereof;

(c)    the attachment shall not include

(i)    the first $10,000 of each account of the defendant with a bank or other financial institution containing any funds which are deposited electronically on a recurring basis and are identified as being funds that upon deposit are exempt from execution, levy or attachment under Pennsylvania or federal law.

(ii)   each account of the defendant with a bank or other financial institution in which funds on deposit exceed $10,000 at any time if all funds are deposited electronically on a recurring basis and are

identified as being funds that upon deposit are exempt from execution, levy or attachment under Pennsylvania or federal law.

(iii)   any funds in an account of the defendant with a bank or other financial institution that total $300 or less.  If multiple accounts are attached, a total of $300 in all accounts shall not be subject to levy and attachment as determined by the executing officer.  The funds shall be set aside pursuant to the defendant's general exemption provided in 42 Pa.C.S.§8123.

(3)    If property of the defendant not levied upon and subject to attachment is found in the possession of anyone other than the named garnishee(s), you are directed to notify such other person that he or she has been added as a garnishee and are enjoined as above stated.

Amount Due as to Michael R. Kaplan:        $966,262.50

Amount Due as to Nina Kaplan:        $583,132.00

Amount Due as to BLC Beauty, Inc.:        $583,130.50

Interest From June 30, 2017:        $

_____KATE BARKMAN_____
(Clerk of Court)

By: _____
(Deputy Clerk)

Seal of the Court

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

—————————————————————————

T. LEVY ASSOCIATES, INC.,                     :
                                              :        Civil Action No. 16-4929 (MEK)
                    *Plaintiff,*              :
                                              :
        v.                                    :
                                              :
MICHAEL R. KAPLAN, *et al*.,                  :
                                              :
                    *Defendants.*             :

## WRIT OF EXECUTION
## NOTICE

  This paper is a Writ of Execution.  It has been issued because there is a judgment against you.  It may cause your property to be held or taken to pay the judgment.  You may have legal rights to prevent your property from being taken.  A lawyer can advise you more specifically of these rights.  If you wish to exercise your rights, you must act promptly.

  The law provides that certain property cannot be taken.  Such property is said to be exempt.  There is a debtor's exemption of $300.  There are other exemptions which may be applicable to you.  Attached is a summary of some of the major exemptions.  You may have other exemptions or other rights.

  If you have an exemption, you should do the following promptly: (1) Fill out the attached claim form and demand for a prompt hearing.  (2) Deliver the form or mail it to the United States Marshal's office at the address noted.

  You should come to court ready to explain your exemption.  If you do not come to court and prove your exemption, you may lose some of your property.

  YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE.  IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.

LAWYER REFERENCE SERVICE
One Reading Center
11th Floor
Philadelphia, PA. 19107
(215) 238 - 1701

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| T. LEVY ASSOCIATES, INC., | : | Civil Action No. 16-4929 (MEK) |
| *Plaintiff,* | : | |
| | : | |
| v. | : | |
| | : | |
| MICHAEL R. KAPLAN, *et al.,* | : | |
| | : | |
| *Defendants.* | : | |

## CLAIM FOR EXEMPTION

To the U.S. Marshal:

    I, the above named defendant, claim exemption of property from levy or attachment:

(1)  From my personal property in my possession which has been levied upon,

    (a)  I desire that my $300 statutory exemption be

        (i)  set aside in kind (specify) property to be set aside in kind:

        _____;

        (ii)  paid in cash following the sale of the property levied upon; or

    (b)  I claim the following exemption (specify property and basis of exemption):

    _____

(2)  From my property which is in the possession of a third party, I claim the following exemptions:

    (a)  My $300 statutory exemption:      in cash:      in kind (specify property):_____

    (b)  Social security benefits on deposit in the amount of $_____

    (c)  Other (specify amount and basis of exemption ): _____

_____

Civ. 640

    I request a prompt hearing to determine the exemption.  Notice of the hearing should be given to me at _____

_____, _____.

                  (Address)                                         (Telephone)

I declare under penalty of perjury that the foregoing statements made in this claim for exemption are true and correct.

Date:_____        _____

(Signature of Defendant)

THIS CLAIM TO BE FILED WITH THE OFFICE OF THE U.S. MARSHAL FOR THE EASTERN DISTRICT OF PENNSYLVANIA:

2110 United States Courthouse

601 Market Street

Philadelphia, Pennsylvania, 19106

(215) 597-7272

*Note:* Under paragraphs (1) and (2) of the writ, a description of specific property to be levied upon or attached may be set forth in the writ or included in a separate direction to the United States Marshal.

Under paragraph (2) of the writ, if the attachment of a named garnishee is desired, his name should be set forth in the space provided.

Under paragraph (3) of the writ, the United States Marshal may, as under prior practice, add as a garnishee any person not named in this writ who may be found in possession of property of the defendant.  See Rule 3111(a).  For limitations on the power to attach tangible personal property.  see Rule 3108 (a).

(b)  Each court shall by local rule designate the officer, organization or person to be named in the notice.

<u>MAJOR EXEMPTIONS UNDER PENNSYLVANIA AND FEDERAL LAW</u>

1.   $300.00 statutory exemption

2.   Bibles, school books, sewing machines, uniforms and equipment.

3.   Most wages and unemployment compensation.

4.   Social Security benefits.

5.   Certain retirement funds and accounts.

6.   Certain veteran and armed forces benefits.

7.   Certain insurance proceeds.

8.   Such other exemptions as may be provided by law.

### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **T. LEVY ASSOCIATES, INC.** | : | **CIVIL ACTION** |
| | : | |
| v. | : | **NO.  16-4929** |
| | : | |
| **MICHAEL R. KAPLAN,** *et al.* | : | |

### JUDGMENT

**AND NOW,** this 30th day of June 2017, upon entering the unanimous verdict of our Jury delivered in Court last evening, it is **ORDERED JUDGMENT is entered in favor of T. Levy Associates, Inc. and against:**

      1.    **Michael R. Kaplan for $ 966,262.50** for violation of the Racketeer Influenced and Corrupt Organizations Act, conversion, breach of fiduciary duty and tortious interference with contractual relationships;

      2.    **Nina Kaplan for  $ 583,132.00** for violation of the Racketeer Influenced and Corrupt Organizations Act and conversion; and,

      3.    **BLC Beauty, Inc. for $ 583,130.50** for violation of the Racketeer Influenced and Corrupt Organizations Act, conversion and tortious interference with contractual relationships.

 

                                  KEARNEY, J.

A TRUE COPY CERTIFIED TO FROM THE RECORD

DATED: _____ JUL 10 2017 _____

ATTEST: _____ U. Egg _____

DEPUTY CLERK, UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

---

T. LEVY ASSOCIATES, INC.,      :

          *Plaintiff,*      :

                        :

      v.             :

                        :

MICHAEL R. KAPLAN, *et al.*,      :

                        :

          *Defendants.*      :

Civil Action No. 16-4929 (MEK)

## <u>INTERROGATORIES IN ATTACHMENT</u>

TO:    TD Bank
        1900 Market Street
        Philadelphia, PA 19103

      You are required to file answers to the following interrogatories within twenty (20) days after served upon you.  Failure to do so may result in a default judgment being entered against you.  A copy of said answers must be served on the undersigned, Spector Gadon & Rosen, P.C., at 1635 Market Street - 7th Floor, Philadelphia, PA  19103.  If your answer to any of the foregoing interrogatories is affirmative, specify the amount, value and/or nature of the subject property.

## I.   <u>Definitions</u>

1.      "Defendant(s)" means and shall refer to Michael Kaplan and/or Nina Kaplan, with a current or former address of 82 Lenape Road, Richboro, PA 19054 and/or BLC Beauty, Inc. with a current or former address of 46 West Road, Newtown, PA 18940-4301.

2.      "You" means TD Bank, and all of its parent, subsidiary and affiliated companies, wherever located.

## II.   <u>Interrogatories</u>

1.      (a) At the time you were served or at any subsequent time did you owe the defendant(s) any money, or were you liable to the defendant on any contract or any negotiable or other written instrument, or did the defendant(s) claim that you owed the defendant any money or were liable to defendant for any reason?

(b)      If the answer to subparagraph (a) *above* is in the affirmative, please state with specificity for each account and/or relationship and/or contract or instrument:

(a)      The amounts held by you;

(b)      The account numbers;

(c)      All persons, including the defendant, who are named on those accounts or agreements with you.

<u>Response</u>:

2.      At the time you were served or at any subsequent time was there in your possession, custody or control or in the joint possession, custody or control of yourself and one or more other persons any property of any nature (including, but without limitation, any safety deposit box) owned solely or in part by the defendant(s)?  Please identify all such property, and identify (by name, title, last-known address and all other contact information) all persons who had or claimed ownership, custody, possession or control.

**Response**:

3.      At the time you were served or at any subsequent time did you hold legal title to any property of any nature (including, but without limitation, any safety deposit box) owned solely or in part by the defendant(s), or in which the defendant held or claimed any interest?  Please identify all such property, and identify (by name, title, last-known address and all other contact information) all persons claiming an ownership or other interest in said property.

**Response**:

4.      At the time you were served or at any subsequent time did you hold as a fiduciary any property in which the defendant(s) had an interest?  Please identify all such property.

**Response**:

5.      At any time before or after you were served did the defendant(s) transfer or deliver any property to you or to any person or place pursuant to your direction or consent and if so, what was the consideration therefore?  Please identify all such property, and identify (by name, title, last-known address and all other contact information) all such other persons.

**Response**:

6.      At any time after you were served did you pay, transfer or deliver any money or property to the defendant(s) or to any person or place pursuant to the defendant(s) direction or otherwise discharge any claim of the defendant(s) against you?  Please identify all such money and property, and identify (by name, title, last-known address and all other contact information) such other persons.

**Response**:

7.      If you are a bank or other financial institution, at the time you were served or at any subsequent time did the defendant(s) have funds on deposit in an account in which funds are deposited electronically on a recurring basis and which are identified as being funds that upon deposit are exempt from execution, levy or attachment under Pennsylvania or federal

law?  If so, identify each account and state the amount of funds in each account, and the entity electronically depositing those funds on a recurring basis.

**Response**:

8.      If you are a bank or other financial institution, at the time you were served or at any subsequent time did the defendant(s) have funds on deposit in an account in which the funds on deposit, not including any otherwise exempt funds, did not exceed the amount of the general monetary exemption under 42 Pa.C.S. §8123?  If so, identify each account.

**Response**:

Respectfully submitted,

SPECTOR GADON & ROSEN, P.C.

By: *Daniel J. Dugan*_____
Daniel J. Dugan, Esquire
Bruce Bellingham, Esquire
1635 Market Street, 7th Floor
Philadelphia, PA 19103
ddugan@lawsgr.com
215.241.8872
July 17, 2017                          *Attorneys for T. Levy Associates*

## **VERIFICATION**

Understanding that false statements herein are made subject to the penalties of 18 Pa.C.S. §4904, Unsworn Falsification to Authorities, I verify that I am a Garnishee in the above matter and that, after inquiry, the facts set forth in the foregoing Answers to Interrogatories in Aid of Execution are true, correct and complete to the best of my knowledge, information and belief.

Dated:_____

_____
Signature

Present Address:

_____

_____

Telephone Number:_____

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| _____ | : | |
| T. LEVY ASSOCIATES, INC., | : | Civil Action No. 16-4929 (MEK) |
| _Plaintiff,_ | : | |
| | : | |
| v. | : | |
| | : | |
| MICHAEL R. KAPLAN, _et al._, | : | |
| | : | |
| _Defendants._ | : | |

## <u>INTERROGATORIES IN ATTACHMENT</u>

TO:   UBS Financial
      Mellon Bank Center
      1735 Market Street
      Philadelphia, PA 19103

You are required to file answers to the following interrogatories within twenty (20) days after served upon you.  Failure to do so may result in a default judgment being entered against you.  A copy of said answers must be served on the undersigned, Spector Gadon & Rosen, P.C., at 1635 Market Street - 7th Floor, Philadelphia, PA  19103.  If your answer to any of the foregoing interrogatories is affirmative, specify the amount, value and/or nature of the subject property.

## I.   <u>Definitions</u>

1.      "Defendant(s)" means and shall refer to Michael Kaplan and/or Nina Kaplan, with a current or former address of 82 Lenape Road, Richboro, PA 19054 and/or BLC Beauty, Inc. with a current or former address of 46 West Road, Newtown, PA 18940-4301.

2.      "You" means UBS Finanical, and all of its parent, subsidiary and affiliated companies, wherever located.

## II.   <u>Interrogatories</u>

1.      (a) At the time you were served or at any subsequent time did you owe the defendant(s) any money, or were you liable to the defendant on any contract or any negotiable or other written instrument, or did the defendant(s) claim that you owed the defendant any money or were liable to defendant for any reason?

(b)      If the answer to subparagraph (a) *above* is in the affirmative, please state with specificity for each account and/or relationship and/or contract or instrument:

(a)      The amounts held by you;

(b)      The account numbers;

(c)      All persons, including the defendant, who are named on those accounts or agreements with you.

**<u>Response</u>**:

2.     At the time you were served or at any subsequent time was there in your possession, custody or control or in the joint possession, custody or control of yourself and one or more other persons any property of any nature (including, but without limitation, any safety deposit box) owned solely or in part by the defendant(s)?  Please identify all such property, and identify (by name, title, last-known address and all other contact information) all persons who had or claimed ownership, custody, possession or control.

**Response**:

3.     At the time you were served or at any subsequent time did you hold legal title to any property of any nature (including, but without limitation, any safety deposit box) owned solely or in part by the defendant(s), or in which the defendant held or claimed any interest? Please identify all such property, and identify (by name, title, last-known address and all other contact information) all persons claiming an ownership or other interest in said property.

**Response**:

4.     At the time you were served or at any subsequent time did you hold as a fiduciary any property in which the defendant(s) had an interest?  Please identify all such property.

**Response**:

5.      At any time before or after you were served did the defendant(s) transfer or deliver any property to you or to any person or place pursuant to your direction or consent and if so, what was the consideration therefore?  Please identify all such property, and identify (by name, title, last-known address and all other contact information) all such other persons.

**Response**:

6.      At any time after you were served did you pay, transfer or deliver any money or property to the defendant(s) or to any person or place pursuant to the defendant(s) direction or otherwise discharge any claim of the defendant(s) against you?  Please identify all such money and property, and identify (by name, title, last-known address and all other contact information) such other persons.

**Response**:

7.      If you are a bank or other financial institution, at the time you were served or at any subsequent time did the defendant(s) have funds on deposit in an account in which funds are deposited electronically on a recurring basis and which are identified as being funds that upon deposit are exempt from execution, levy or attachment under Pennsylvania or federal

law?  If so, identify each account and state the amount of funds in each account, and the entity electronically depositing those funds on a recurring basis.

**Response**:

8.      If you are a bank or other financial institution, at the time you were served or at any subsequent time did the defendant(s) have funds on deposit in an account in which the funds on deposit, not including any otherwise exempt funds, did not exceed the amount of the general monetary exemption under 42 Pa.C.S. §8123?  If so, identify each account.

**Response**:

Respectfully submitted,

SPECTOR GADON & ROSEN, P.C.

By: *Daniel J. Dugan*_____
        Daniel J. Dugan, Esquire
        Bruce Bellingham, Esquire
        1635 Market Street, 7th Floor
        Philadelphia, PA 19103
        ddugan@lawsgr.com
        215.241.8872
July 17, 2017                *Attorneys for T. Levy Associates*

## **VERIFICATION**

Understanding that false statements herein are made subject to the penalties of 18 Pa.C.S. §4904, Unsworn Falsification to Authorities, I verify that I am a Garnishee in the above matter and that, after inquiry, the facts set forth in the foregoing Answers to Interrogatories in Aid of Execution are true, correct and complete to the best of my knowledge, information and belief.

Dated:_____

_____
Signature

Present Address:

_____
_____
Telephone Number:_____

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

---

| | | |
|---|---|---|
| T. LEVY ASSOCIATES, INC., | : | Civil Action No. 16-4929 (MEK) |
| *Plaintiff,* | : | |
| | : | |
| v. | : | |
| | : | |
| MICHAEL R. KAPLAN, *et al.*, | : | |
| | : | |
| *Defendants.* | : | |

## INTERROGATORIES IN ATTACHMENT

TO:   Pennington Investments LLC
      179 Matthew Circle
      Richboro, PA 18954-2047

        You are required to file answers to the following interrogatories within twenty (20) days after served upon you.  Failure to do so may result in a default judgment being entered against you.  A copy of said answers must be served on the undersigned, Spector Gadon & Rosen, P.C., at 1635 Market Street - 7th Floor, Philadelphia, PA  19103.  If your answer to any of the foregoing interrogatories is affirmative, specify the amount, value and/or nature of the subject property.

## I.   Definitions

1.      "Defendant(s)" means and shall refer to Michael Kaplan and/or Nina Kaplan, with a current or former address of 82 Lenape Road, Richboro, PA 19054 and/or BLC Beauty, Inc. with a current or former address of 46 West Road, Newtown, PA 18940-4301.

2.      "You" means Pennington Investments, LLC, and all of its parent, subsidiary and affiliated companies, wherever located.

## II.   Interrogatories

1.      (a) At the time you were served or at any subsequent time did you owe the defendant(s) any money, or were you liable to the defendant on any contract or any negotiable or other written instrument, or did the defendant(s) claim that you owed the defendant any money or were liable to defendant for any reason?

(b)      If the answer to subparagraph (a) *above* is in the affirmative, please state with specificity for each account and/or relationship and/or contract or instrument:

(a)      The amounts held by you;

(b)      The account numbers;

(c)      All persons, including the defendant, who are named on those accounts or agreements with you.

**Response**:

2.     At the time you were served or at any subsequent time was there in your possession, custody or control or in the joint possession, custody or control of yourself and one or more other persons any property of any nature (including, but without limitation, any safety deposit box) owned solely or in part by the defendant(s)?  Please identify all such property, and identify (by name, title, last-known address and all other contact information) all persons who had or claimed ownership, custody, possession or control.

**Response**:



3.     At the time you were served or at any subsequent time did you hold legal title to any property of any nature (including, but without limitation, any safety deposit box) owned solely or in part by the defendant(s), or in which the defendant held or claimed any interest?  Please identify all such property, and identify (by name, title, last-known address and all other contact information) all persons claiming an ownership or other interest in said property.

**Response**:



4.     At the time you were served or at any subsequent time did you hold as a fiduciary any property in which the defendant(s) had an interest?  Please identify all such property.

**Response**:

5.      At any time before or after you were served did the defendant(s) transfer or deliver any property to you or to any person or place pursuant to your direction or consent and if so, what was the consideration therefore?  Please identify all such property, and identify (by name, title, last-known address and all other contact information) all such other persons.

**Response**:

6.      At any time after you were served did you pay, transfer or deliver any money or property to the defendant(s) or to any person or place pursuant to the defendant(s) direction or otherwise discharge any claim of the defendant(s) against you?  Please identify all such money and property, and identify (by name, title, last-known address and all other contact information) such other persons.

**Response**:

7.      If you are a bank or other financial institution, at the time you were served or at any subsequent time did the defendant(s) have funds on deposit in an account in which funds are deposited electronically on a recurring basis and which are identified as being funds that upon deposit are exempt from execution, levy or attachment under Pennsylvania or federal

law?  If so, identify each account and state the amount of funds in each account, and the entity electronically depositing those funds on a recurring basis.

**<u>Response</u>**:

8.      If you are a bank or other financial institution, at the time you were served or at any subsequent time did the defendant(s) have funds on deposit in an account in which the funds on deposit, not including any otherwise exempt funds, did not exceed the amount of the general monetary exemption under 42 Pa.C.S. §8123?  If so, identify each account.

**<u>Response</u>**:

Respectfully submitted,

SPECTOR GADON & ROSEN, P.C.

By: *<u>Daniel J. Dugan</u>*
            Daniel J. Dugan, Esquire
            Bruce Bellingham, Esquire
            1635 Market Street, 7th Floor
            Philadelphia, PA 19103
            ddugan@lawsgr.com
            215.241.8872

July 17, 2017                    *Attorneys for T. Levy Associates*

## **VERIFICATION**

Understanding that false statements herein are made subject to the penalties of 18 Pa.C.S. §4904, Unsworn Falsification to Authorities, I verify that I am a Garnishee in the above matter and that, after inquiry, the facts set forth in the foregoing Answers to Interrogatories in Aid of Execution are true, correct and complete to the best of my knowledge, information and belief.

Dated:_____

_____
Signature

Present Address:

_____

_____

Telephone Number:_____

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

T. LEVY ASSOCIATES, INC.,                            :
                                                     :       Civil Action No. 16-4929 (MEK)
                              *Plaintiff,*            :
                                                     :
        v.                                           :
                                                     :
MICHAEL R. KAPLAN, *et al.,*                          :
                                                     :
                              *Defendants.*           :

## <u>INTERROGATORIES IN ATTACHMENT</u>

TO:     Firstrust Bank
        1515 Market Street
        Philadelphia, PA 19103


        You are required to file answers to the following interrogatories within twenty (20) days

after served upon you.  Failure to do so may result in a default judgment being entered against

you.  A copy of said answers must be served on the undersigned, Spector Gadon & Rosen, P.C.,

at 1635 Market Street - 7th Floor, Philadelphia, PA  19103.  If your answer to any of the

foregoing interrogatories is affirmative, specify the amount, value and/or nature of the subject

property.

**I.    Definitions**

1.    "Defendant(s)" means and shall refer to Michael Kaplan and/or Nina Kaplan, with a current or former address of 82 Lenape Road, Richboro, PA 19054 and/or BLC Beauty, Inc. with a current or former address of 46 West Road, Newtown, PA 18940-4301.

2.    "You" means Firstrust Bank, and all of its parent, subsidiary and affiliated companies, wherever located.

**II.    Interrogatories**

1.    (a) At the time you were served or at any subsequent time did you owe the defendant(s) any money, or were you liable to the defendant on any contract or any negotiable or other written instrument, or did the defendant(s) claim that you owed the defendant any money or were liable to defendant for any reason?

(b)    If the answer to subparagraph (a) *above* is in the affirmative, please state with specificity for each account and/or relationship and/or contract or instrument:

(a)    The amounts held by you;

(b)    The account numbers;

(c)    All persons, including the defendant, who are named on those accounts or agreements with you.

**Response**:

2.      At the time you were served or at any subsequent time was there in your possession, custody or control or in the joint possession, custody or control of yourself and one or more other persons any property of any nature (including, but without limitation, any safety deposit box) owned solely or in part by the defendant(s)?  Please identify all such property, and identify (by name, title, last-known address and all other contact information) all persons who had or claimed ownership, custody, possession or control.

**Response**:

3.      At the time you were served or at any subsequent time did you hold legal title to any property of any nature (including, but without limitation, any safety deposit box) owned solely or in part by the defendant(s), or in which the defendant held or claimed any interest?  Please identify all such property, and identify (by name, title, last-known address and all other contact information) all persons claiming an ownership or other interest in said property.

**Response**:

4.      At the time you were served or at any subsequent time did you hold as a fiduciary any property in which the defendant(s) had an interest?  Please identify all such property.

**Response**:

5.      At any time before or after you were served did the defendant(s) transfer or deliver any property to you or to any person or place pursuant to your direction or consent and if so, what was the consideration therefore?  Please identify all such property, and identify (by name, title, last-known address and all other contact information) all such other persons.

**Response**:

6.      At any time after you were served did you pay, transfer or deliver any money or property to the defendant(s) or to any person or place pursuant to the defendant(s) direction or otherwise discharge any claim of the defendant(s) against you?  Please identify all such money and property, and identify (by name, title, last-known address and all other contact information) such other persons.

**Response**:

7.      If you are a bank or other financial institution, at the time you were served or at any subsequent time did the defendant(s) have funds on deposit in an account in which funds are deposited electronically on a recurring basis and which are identified as being funds that upon deposit are exempt from execution, levy or attachment under Pennsylvania or federal

law?  If so, identify each account and state the amount of funds in each account, and the entity electronically depositing those funds on a recurring basis.

**Response**:

8.       If you are a bank or other financial institution, at the time you were served or at any subsequent time did the defendant(s) have funds on deposit in an account in which the funds on deposit, not including any otherwise exempt funds, did not exceed the amount of the general monetary exemption under 42 Pa.C.S. §8123?  If so, identify each account.

**Response**:

Respectfully submitted,

SPECTOR GADON & ROSEN, P.C.

By: *Daniel J. Dugan*_____
    Daniel J. Dugan, Esquire
    Bruce Bellingham, Esquire
    1635 Market Street, 7th Floor
    Philadelphia, PA 19103
    ddugan@lawsgr.com
    215.241.8872

July 17, 2017                    *Attorneys for T. Levy Associates*

## <u>VERIFICATION</u>

Understanding that false statements herein are made subject to the penalties of 18 Pa.C.S. §4904, Unsworn Falsification to Authorities, I verify that I am a Garnishee in the above matter and that, after inquiry, the facts set forth in the foregoing Answers to Interrogatories in Aid of Execution are true, correct and complete to the best of my knowledge, information and belief.

Dated:_____

_____
Signature

Present Address:

_____

_____

Telephone Number:_____

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

_____

T. LEVY ASSOCIATES, INC.,        :

                *Plaintiff,*      :

                         :

      v.               :

                         :

MICHAEL R. KAPLAN, *et al.*,     :

                         :

           *Defendants.*    :

Civil Action No. 16-4929 (MEK)

**INTERROGATORIES IN ATTACHMENT**

TO:    First Site Banking
       c/o Firstrust Bank
       1515 Market Street
       Philadelphia, PA 19103

      You are required to file answers to the following interrogatories within twenty (20) days

after served upon you.  Failure to do so may result in a default judgment being entered against

you.  A copy of said answers must be served on the undersigned, Spector Gadon & Rosen, P.C.,

at 1635 Market Street - 7th Floor, Philadelphia, PA  19103.  If your answer to any of the

foregoing interrogatories is affirmative, specify the amount, value and/or nature of the subject

property.

**I.**   **Definitions**

1.      "Defendant(s)" means and shall refer to Michael Kaplan and/or Nina Kaplan, with

a current or former address of 82 Lenape Road, Richboro, PA 19054 and/or BLC Beauty, Inc.

with a current or former address of 46 West Road, Newtown, PA 18940-4301.

2.      "You" means First Site Banking, and all of its parent, subsidiary and affiliated

companies, wherever located.

**II.**   **Interrogatories**

1.      (a) At the time you were served or at any subsequent time did you owe the

defendant(s) any money, or were you liable to the defendant on any contract or any negotiable or

other written instrument, or did the defendant(s) claim that you owed the defendant any money

or were liable to defendant for any reason?

(b)      If the answer to subparagraph (a) *above* is in the affirmative, please state

with specificity for each account and/or relationship and/or contract or instrument:

(a)      The amounts held by you;

(b)      The account numbers;

(c)      All persons, including the defendant, who are named on those

accounts or agreements with you.


**Response**:

2.      At the time you were served or at any subsequent time was there in your possession, custody or control or in the joint possession, custody or control of yourself and one or more other persons any property of any nature (including, but without limitation, any safety deposit box) owned solely or in part by the defendant(s)?  Please identify all such property, and identify (by name, title, last-known address and all other contact information) all persons who had or claimed ownership, custody, possession or control.

**Response**:

3.      At the time you were served or at any subsequent time did you hold legal title to any property of any nature (including, but without limitation, any safety deposit box) owned solely or in part by the defendant(s), or in which the defendant held or claimed any interest?  Please identify all such property, and identify (by name, title, last-known address and all other contact information) all persons claiming an ownership or other interest in said property.

**Response**:

4.      At the time you were served or at any subsequent time did you hold as a fiduciary any property in which the defendant(s) had an interest?  Please identify all such property.

**Response**:

5.      At any time before or after you were served did the defendant(s) transfer or deliver any property to you or to any person or place pursuant to your direction or consent and if so, what was the consideration therefore?  Please identify all such property, and identify (by name, title, last-known address and all other contact information) all such other persons.

**Response**:

6.      At any time after you were served did you pay, transfer or deliver any money or property to the defendant(s) or to any person or place pursuant to the defendant(s) direction or otherwise discharge any claim of the defendant(s) against you?  Please identify all such money and property, and identify (by name, title, last-known address and all other contact information) such other persons.

**Response**:

7.      If you are a bank or other financial institution, at the time you were served or at any subsequent time did the defendant(s) have funds on deposit in an account in which funds are deposited electronically on a recurring basis and which are identified as being funds that upon deposit are exempt from execution, levy or attachment under Pennsylvania or federal

law?  If so, identify each account and state the amount of funds in each account, and the entity electronically depositing those funds on a recurring basis.

**Response**:

8.      If you are a bank or other financial institution, at the time you were served or at any subsequent time did the defendant(s) have funds on deposit in an account in which the funds on deposit, not including any otherwise exempt funds, did not exceed the amount of the general monetary exemption under 42 Pa.C.S. §8123?  If so, identify each account.

**Response**:

Respectfully submitted,

SPECTOR GADON & ROSEN, P.C.

By: *Daniel J. Dugan*_____
　　　Daniel J. Dugan, Esquire
　　　Bruce Bellingham, Esquire
　　　1635 Market Street, 7th Floor
　　　Philadelphia, PA 19103
　　　ddugan@lawsgr.com
　　　215.241.8872
July 17, 2017　　　　　　　　　　　*Attorneys for T. Levy Associates*

## **VERIFICATION**

Understanding that false statements herein are made subject to the penalties of 18 Pa.C.S. §4904, Unsworn Falsification to Authorities, I verify that I am a Garnishee in the above matter and that, after inquiry, the facts set forth in the foregoing Answers to Interrogatories in Aid of Execution are true, correct and complete to the best of my knowledge, information and belief.

Dated:_____

Present Address:

_____

_____

Telephone Number:_____

_____
Signature

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

_____

T. LEVY ASSOCIATES, INC.,                    :
                                             :          Civil Action No. 16-4929 (MEK)
                        *Plaintiff,*         :
                                             :
            v.                               :
                                             :
MICHAEL R. KAPLAN, *et al.*,                 :
                                             :
                        *Defendants.*        :

**<u>INTERROGATORIES IN ATTACHMENT</u>**

TO:    FirstPay Premier
       c/o Firstrust Bank
       1515 Market Street
       Philadelphia, PA 19103


        You are required to file answers to the following interrogatories within twenty (20) days

after served upon you.  Failure to do so may result in a default judgment being entered against

you.  A copy of said answers must be served on the undersigned, Spector Gadon & Rosen, P.C.,

at 1635 Market Street - 7th Floor, Philadelphia, PA  19103.  If your answer to any of the

foregoing interrogatories is affirmative, specify the amount, value and/or nature of the subject

property.

**I.    Definitions**

1.      "Defendant(s)" means and shall refer to Michael Kaplan and/or Nina Kaplan, with a current or former address of 82 Lenape Road, Richboro, PA 19054 and/or BLC Beauty, Inc. with a current or former address of 46 West Road, Newtown, PA 18940-4301.

2.      "You" means FirstPay Premier, and all of its parent, subsidiary and affiliated companies, wherever located.

**II.    Interrogatories**

1.      (a) At the time you were served or at any subsequent time did you owe the defendant(s) any money, or were you liable to the defendant on any contract or any negotiable or other written instrument, or did the defendant(s) claim that you owed the defendant any money or were liable to defendant for any reason?

        (b)      If the answer to subparagraph (a) *above* is in the affirmative, please state with specificity for each account and/or relationship and/or contract or instrument:

                (a)      The amounts held by you;

                (b)      The account numbers;

                (c)      All persons, including the defendant, who are named on those accounts or agreements with you.

**Response**:

2.     At the time you were served or at any subsequent time was there in your possession, custody or control or in the joint possession, custody or control of yourself and one or more other persons any property of any nature (including, but without limitation, any safety deposit box) owned solely or in part by the defendant(s)?  Please identify all such property, and identify (by name, title, last-known address and all other contact information) all persons who had or claimed ownership, custody, possession or control.

**Response**:

3.     At the time you were served or at any subsequent time did you hold legal title to any property of any nature (including, but without limitation, any safety deposit box) owned solely or in part by the defendant(s), or in which the defendant held or claimed any interest?  Please identify all such property, and identify (by name, title, last-known address and all other contact information) all persons claiming an ownership or other interest in said property.

**Response**:

4.     At the time you were served or at any subsequent time did you hold as a fiduciary any property in which the defendant(s) had an interest?  Please identify all such property.

**Response**:

5.      At any time before or after you were served did the defendant(s) transfer or deliver any property to you or to any person or place pursuant to your direction or consent and if so, what was the consideration therefore?  Please identify all such property, and identify (by name, title, last-known address and all other contact information) all such other persons.

**Response**:

6.      At any time after you were served did you pay, transfer or deliver any money or property to the defendant(s) or to any person or place pursuant to the defendant(s) direction or otherwise discharge any claim of the defendant(s) against you?  Please identify all such money and property, and identify (by name, title, last-known address and all other contact information) such other persons.

**Response**:

7.      If you are a bank or other financial institution, at the time you were served or at any subsequent time did the defendant(s) have funds on deposit in an account in which funds are deposited electronically on a recurring basis and which are identified as being funds that upon deposit are exempt from execution, levy or attachment under Pennsylvania or federal

law?  If so, identify each account and state the amount of funds in each account, and the entity electronically depositing those funds on a recurring basis.

**Response**:

8.      If you are a bank or other financial institution, at the time you were served or at any subsequent time did the defendant(s) have funds on deposit in an account in which the funds on deposit, not including any otherwise exempt funds, did not exceed the amount of the general monetary exemption under 42 Pa.C.S. §8123?  If so, identify each account.

**Response**:

Respectfully submitted,

SPECTOR GADON & ROSEN, P.C.

By: *Daniel J. Dugan*_____
    Daniel J. Dugan, Esquire
    Bruce Bellingham, Esquire
    1635 Market Street, 7th Floor
    Philadelphia, PA 19103
    ddugan@lawsgr.com
    215.241.8872

July 17, 2017          *Attorneys for T. Levy Associates*

## **VERIFICATION**

Understanding that false statements herein are made subject to the penalties of 18 Pa.C.S. §4904, Unsworn Falsification to Authorities, I verify that I am a Garnishee in the above matter and that, after inquiry, the facts set forth in the foregoing Answers to Interrogatories in Aid of Execution are true, correct and complete to the best of my knowledge, information and belief.


Dated:_____

_____
Signature

Present Address:
_____
_____
Telephone Number:_____

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

---

| | | |
|---|---|---|
| T. LEVY ASSOCIATES, INC., | : | Civil Action No. 16-4929 (MEK) |
| *Plaintiff,* | : | |
| | : | |
| v. | : | |
| | : | |
| MICHAEL R. KAPLAN, *et al.,* | : | |
| | : | |
| *Defendants.* | : | |

## INTERROGATORIES IN ATTACHMENT

TO:    PNC Bank
       1600 Market Street
       Philadelphia, PA 19103


You are required to file answers to the following interrogatories within twenty (20) days after served upon you.  Failure to do so may result in a default judgment being entered against you.  A copy of said answers must be served on the undersigned, Spector Gadon & Rosen, P.C., at 1635 Market Street - 7th Floor, Philadelphia, PA  19103.  If your answer to any of the foregoing interrogatories is affirmative, specify the amount, value and/or nature of the subject property.

## I.    Definitions

1.    "Defendant(s)" means and shall refer to Michael Kaplan and/or Nina Kaplan, with a current or former address of 82 Lenape Road, Richboro, PA 19054 and/or BLC Beauty, Inc. with a current or former address of 46 West Road, Newtown, PA 18940-4301.

2.    "You" means PNC Bank and all of its parent, subsidiary and affiliated companies, wherever located.

## II.    Interrogatories

1.    (a) At the time you were served or at any subsequent time did you owe the defendant(s) any money, or were you liable to the defendant on any contract or any negotiable or other written instrument, or did the defendant(s) claim that you owed the defendant any money or were liable to defendant for any reason?

(b)    If the answer to subparagraph (a) *above* is in the affirmative, please state with specificity for each account and/or relationship and/or contract or instrument:

(a)    The amounts held by you;

(b)    The account numbers;

(c)    All persons, including the defendant, who are named on those accounts or agreements with you.

**Response**:

2.      At the time you were served or at any subsequent time was there in your possession, custody or control or in the joint possession, custody or control of yourself and one or more other persons any property of any nature (including, but without limitation, any safety deposit box) owned solely or in part by the defendant(s)?  Please identify all such property, and identify (by name, title, last-known address and all other contact information) all persons who had or claimed ownership, custody, possession or control.

**Response**:




3.      At the time you were served or at any subsequent time did you hold legal title to any property of any nature (including, but without limitation, any safety deposit box) owned solely or in part by the defendant(s), or in which the defendant held or claimed any interest?  Please identify all such property, and identify (by name, title, last-known address and all other contact information) all persons claiming an ownership or other interest in said property.

**Response**:




4.      At the time you were served or at any subsequent time did you hold as a fiduciary any property in which the defendant(s) had an interest?  Please identify all such property.

**Response**:

5.      At any time before or after you were served did the defendant(s) transfer or deliver any property to you or to any person or place pursuant to your direction or consent and if so, what was the consideration therefore?  Please identify all such property, and identify (by name, title, last-known address and all other contact information) all such other persons.

**Response**:

6.      At any time after you were served did you pay, transfer or deliver any money or property to the defendant(s) or to any person or place pursuant to the defendant(s) direction or otherwise discharge any claim of the defendant(s) against you?  Please identify all such money and property, and identify (by name, title, last-known address and all other contact information) such other persons.

**Response**:

7.      If you are a bank or other financial institution, at the time you were served or at any subsequent time did the defendant(s) have funds on deposit in an account in which funds are deposited electronically on a recurring basis and which are identified as being funds that upon deposit are exempt from execution, levy or attachment under Pennsylvania or federal

law?  If so, identify each account and state the amount of funds in each account, and the entity electronically depositing those funds on a recurring basis.

**Response**:

8.      If you are a bank or other financial institution, at the time you were served or at any subsequent time did the defendant(s) have funds on deposit in an account in which the funds on deposit, not including any otherwise exempt funds, did not exceed the amount of the general monetary exemption under 42 Pa.C.S. §8123?  If so, identify each account.

**Response**:

Respectfully submitted,

SPECTOR GADON & ROSEN, P.C.

By: *Daniel J. Dugan*_____
      Daniel J. Dugan, Esquire
      Bruce Bellingham, Esquire
      1635 Market Street, 7th Floor
      Philadelphia, PA 19103
      ddugan@lawsgr.com
      215.241.8872
July 17, 2017                          *Attorneys for T. Levy Associates*

## <u>VERIFICATION</u>

Understanding that false statements herein are made subject to the penalties of 18 Pa.C.S. §4904, Unsworn Falsification to Authorities, I verify that I am a Garnishee in the above matter and that, after inquiry, the facts set forth in the foregoing Answers to Interrogatories in Aid of Execution are true, correct and complete to the best of my knowledge, information and belief.

Dated:_____

Present Address:

_____

_____

Telephone Number:_____

_____
Signature