# EXHIBIT 1

```
 1                  UNITED STATES DISTRICT COURT

 2                EASTERN DISTRICT OF PENNSYLVANIA

 3                          -  -  -

 4     T. LEVY ASSOCIATES, INC.        :   CIVIL DOCKET FOR CASE
                                       :   NO. 16-4929
 5              -VS-                    :
                                       :
 6     MICHAEL KAPLAN, ET AL           :

 7


 8                          -  -  -

 9                    PHILADELPHIA, PA.

10                    JUNE 29, 2017

11            BEFORE HONORABLE MARK A. KEARNEY

12                JURY TRIAL - DAY 4

13     APPEARANCES:

14     FOR THE PLAINTIFF: SPECTOR GADON ROSEN PC
                          BY: DANIEL J. DUGAN, ESQUIRE
15                        AND BRUCE BELLINGHAM, ESQUIRE
                          1635 MARKET STREET, 7TH FLOOR
16                        PHILADELPHIA, PA 19103

17     FOR THE DEFENDANT: OFFIT KURMAN, P.A.
                          BY:  PAUL J. WINTERHALTER, ESQUIRE
18                        TEN PENN CENTER
                          1801 MARKET STREET, SUITE 2300
19                        PHILADELPHIA, PA 19103

20                         LYNN MCCLOSKEY, RPR
                          OFFICIAL COURT REPORTER
21                           1234 US COURTHOUSE
                             601 MARKET STREET
22                        PHILADELPHIA, PA 19106
                            (856) 649-4774
23


24


25
```

1    OF EACH ONE.  THERE ARE MANY, MANY, MANY, MANY CASES

2    THAT ARE WON WITHOUT A WITNESS OR, FOR EXAMPLE, WITH ONE

3    WITNESS AGAINST TEN.  IT'S WHO YOU BELIEVE, NOT HOW MANY

4    ARE CALLED OR BY WHOM.

5                    YOU ARE ALSO TO CONSIDER WHETHER ANY --

6    YOU ARE ALSO TO CONSIDER WHETHER ONE PARTY OR THE OTHER

7    RELIED UPON AN EXHIBIT OR IF YOU SAW ANY DESIGNATION ON

8    EXHIBITS THE PARTY OFFERED.  IN OTHER WORDS, JUST

9    BECAUSE SOMEBODY PUT UP THE EXHIBIT DOES NOT MEAN IT

10   SUPPORTS THEM OR IT DOESN'T.  YOU HAVE TO DECIDE WHAT

11   THAT EXHIBIT MEANS.  NOT SIMPLY, OH, PLAINTIFF

12   INTRODUCED THAT OR DEFENDANT INTRODUCED THAT, THEREFORE,

13   IT MUST BE IN FAVOR OF THEM.  I DON'T KNOW THAT.  THAT'S

14   UP TO YOU.

15                    YOU HEARD THE EXPERT TESTIMONY OF

16   MR. ANDERSON AND MR. BRULENSKI IN THIS CASE.  EXPERT

17   TESTIMONY IS JUST LIKE WITNESS TESTIMONY.  YOU HAVE TO

18   CONSIDER THEIR QUALIFICATIONS, THEIR REASONS FOR THEIR

19   CONCLUSIONS, THE RELIABILITY AND INFORMATION, AS WELL AS

20   ALL OF THE FACTORS I TALKED ABOUT FOR ANY OTHER WITNESS.

21   YOU GIVE WHATEVER WEIGHT OR CREDIT YOU THINK IS

22   APPROPRIATE, JUST LIKE ALL OF THE EVIDENCE IN THE CASE.

23                    IN DECIDING WHETHER TO ACCEPT OR RELY

24   UPON THESE ACCOUNTANTS' TESTIMONY, YOU CAN CONSIDER ANY

25   BIAS THEY MAY HAVE, INCLUDING WHETHER THEY ARE GETTING

1    PAID TO BE HERE, WHETHER THEY HAVE BEEN PAID IN THE

2    FUTURE FOR ASSISTING COUNSEL OR THE PARTIES, AND WHETHER

3    THEY MAKE A LARGE PORTION OF THEIR INCOME FROM

4    TESTIFYING IN COURT.

5              A DEPOSITION, I JUST TOLD YOU, IS A SWORN

6    STATEMENT GIVEN OUTSIDE MY PRESENCE AND YOURS.  IT'S FOR

7    THE EASE OF WITNESSES THAT CAN'T BE HERE, SO WE TAKE A

8    DEPOSITION.  IT'S UNDER OATH.  DEPOSITION TESTIMONY, YOU

9    CAN TELL THE SAME CONSIDERATION AS ANY OTHER TESTIMONY.

10   WE PREFER LIVE TESTIMONY, BUT SOMETIMES YOU CAN'T BE

11   HERE.

12             NOW, I'M GOING TO TELL YOU -- THAT TELLS

13   YOU WHAT THE RULES ARE.  NOW I AM GOING TO TELL YOU

14   ABOUT THE CASE AND WHAT THE RULES ARE HERE.  I WILL

15   DETERMINE -- I WILL DESCRIBE THE TERM "PREPONDERANCE OF

16   THE EVIDENCE," WHICH IS THE STANDARD BY WHICH T. LEVY

17   ASSOCIATES MUST PROVE ITS CLAIMS, AND THEN I WILL

18   DESCRIBE T. LEVY ASSOCIATES' CLAIMS AND THE DAMAGES IT

19   CLAIMS ITS ENTITLED TO, TO THE EXTENT YOU FIND IT'S

20   PROVED HIS CLAIMS.

21             SO MADAM DEPUTY NOW HAS THE VERDICT SLIP.

22   I AM GOING TO ASK HER TO HAND EACH OF YOU THE VERDICT

23   SLIP.  THIS IS THAT OPEN-BOOK TEST I WAS TALKING ABOUT.

24   DON'T GET DISCOURAGED BY THE FACT THERE'S A LOT OF

25   QUESTIONS.  IT'S JUST A LOT OF QUESTIONS BECAUSE THERE'S

1    THREE DEFENDANTS AND LOTS OF CHARGES, LOTS OF CLAIMS.

2              THANK YOU.

3              YOU ARE WELCOME TO TAKE NOTES, IF YOU

4    WISH, ON THAT FORM.  BY WAY OF PREVIEW, AT THE END OF

5    THE DELIBERATIONS, I WILL ONLY HAVE ONE FORM.  THE OTHER

6    SEVEN WILL BE DESTROYED OR WE'LL GIVE YOU A NEW ONE IF

7    YOU ALREADY WROTE ON IT.  THE FOREPERSON WILL COME BACK

8    WITH THE FINAL FORM AND TELL US THE VERDICT IN OPEN

9    COURT.

10              OKAY.  THE FIRST ISSUE IS PREPONDERANCE

11    OF THE EVIDENCE.  WHAT DOES THAT MEAN?  THAT'S NOT A

12    WORD WE THROW AROUND EVERY DAY.  WHAT IT MEANS IS THAT

13    T. LEVY ASSOCIATES HAS TO PROVE TO YOU IN LIGHT OF ALL

14    THE EVIDENCE THAT WHAT IT CLAIMS IS MORE LIKELY SO THAN

15    NOT SO.  TO SAY IT DIFFERENTLY, IF YOU WERE TO PUT ALL

16    OF THE EVIDENCE FAVORABLE TO T. LEVY ON ONE SIDE AND ALL

17    THE EVIDENCE FAVORABLE TO EACH DEFENDANT SEPARATELY --

18    DO YOU SEE HOW THAT SHEET SAYS:  AS TO MICHAEL KAPLAN,

19    AS TO NINA KAPLAN, AS TO BLC?  THAT'S BECAUSE YOU HAVE

20    TO DO THEM SEPARATELY.  IT'S NOT FAIR TO ANY ONE TO BE

21    STANDING HERE FOR THE OTHER.  OKAY.

22              SO FOR EACH ONE YOU HAVE TO WEIGH IT.

23    T. LEVY VERSE MICHAEL.  T. LEVY VERSE NINA.  T. LEVY

24    VERSE BLC.  NOW, T. LEVY'S JOB IS TO HAVE TO WIN, TO

25    SUCCEED, TO CONVINCE YOU, IT MUST HAVE THE SCALES SLIP

1    EVER SO SLIGHTLY -- TIP EVER SO SLIGHTLY TO ITS SIDE.

2    IF YOU FIND THAT THE SCALES ARE EQUAL, T. LEVY HAS NOT

3    PERSUADED YOU.  HOWEVER, IF THEY TIP EVER SO SLIGHTLY,

4    WELL, WE SAY 51/49, RIGHT, EVER SO SLIGHTLY, THEN

5    T. LEVY HAS MET ITS BURDEN OF PROOF BY A PREPONDERANCE

6    OF THE EVIDENCE.  THIS IS NOT BEYOND A REASONABLE DOUBT.

7    THIS IS NOT CLEAR AND CONVINCING.  NEITHER OF WHICH ARE

8    IN THIS CASE RIGHT NOW.  NEITHER ONE MATTER.

9    PREPONDERANCE OF THE EVIDENCE.

10            CONVERSELY, TO THE EXTENT THE DEFENSE HAS

11   SAID SOMETHING TO YOU WHICH THEY CLAIM IS A REASON WHY

12   THEY SHOULD WIN, NOT JUST ACCUSING THEM, NOT JUST SAYING

13   THE PLAINTIFF HAS NOT PROVEN ITS CASE, BUT ALSO CLAIMING

14   ITS CLAIM OR ANY DEFENSE, IF THEY DON'T PROVE IT TO YOU

15   BY A PREPONDERANCE, THEN THEY HAVE NOT MET THEIR

16   STANDARD OF PROOF.  YOU ARE TO CONSIDER THE TESTIMONY OF

17   ALL WITNESSES IN DOING THAT, ALL DOCUMENTS, AND CONSIDER

18   THEM AS TO EACH PERSON.  T. LEVY VERSUS EACH PERSON

19   INDEPENDENTLY.  THAT'S WHY YOU HAVE THREE CATEGORIES IN

20   YOUR VERDICT SLIP.

21            NOW, THE FIRST CLAIM YOU SEE ON YOUR

22   SHEET, GOING BACK TO OUR OPEN-BOOK EXAM KIND OF IDEA,

23   THE FIRST CLAIM IS CALLED RACKETEER INFLUENCE AND

24   CORRUPT ORGANIZATIONS ACT.  THE WORD FOR THAT IS RICO.

25   IT'S R-I-C-O.  NOW, I AM GOING TO USE THE WORD "RICO"

1    FOR SHORT, BUT THAT'S WHAT THE ACT IS.   IT'S A

2    CONGRESSIONAL ACT.   IT'S A STATUTE.

3                    FOR T. LEVY ASSOCIATES TO RECOVER AGAINST

4    EACH -- AGAINST THE DEFENDANTS UNDER RICO, YOU MUST FIND

5    THAT T. LEVY ASSOCIATES PROVED THE FOLLOWING FIVE

6    ELEMENTS, FIVE THINGS, BY A PREPONDERANCE.   FIRST -- AND

7    I AM GOING TO EXPLAIN EACH OF THESE TO YOU, BECAUSE I'M

8    GOING TO RUN THROUGH THEM AND I'M GOING TO EXPLAIN WHAT

9    EACH MEANS.

10                    FIRST, THE EXISTENCE OF AN ENTERPRISE.

11   SECOND, THE ENTERPRISE ENGAGED IN OR HAD SOME EFFECT ON

12   INTERSTATE OR FOREIGN COMMERCE.   THIRD, THE DEFENDANTS

13   WERE EMPLOYED BY OR ASSOCIATED WITH THIS ALLEGED

14   ENTERPRISE, FOURTH, THE DEFENDANTS CONDUCTED THE

15   ENTERPRISE'S AFFAIRS OR PARTICIPATED EITHER DIRECTLY OR

16   INDIRECTLY IN THE CONDUCT OF THE ENTERPRISE'S AFFAIRS.

17   AND FIFTH, THE DEFENDANTS PARTICIPATED THROUGH A PATTERN

18   OF RACKETEERING ACTIVITY.

19                    NOW, I KNOW THAT EVERY ONE OF YOUR MINDS

20   IS, WELL, WE BETTER GET THAT INSTRUCTION WHEN WE GO BACK

21   THERE.   BUT I AM STILL GOING TO GIVE IT TO YOU PIECE BY

22   PIECE WHAT THEY MEAN.   SOMETIMES YOU NEED TO HEAR IT.

23                    NOW, FIRST, ENTERPRISE.   DO YOU REMEMBER

24   THE FIRST THING I SAID, ENTERPRISE?   MUST PROVE THE

25   EXISTENCE OF AN ENTERPRISE.   AN ENTERPRISE CAN BE A

1    LEGAL ENTITY, SUCH AS A CORPORATION OR PARTNERSHIP, OR

2    IT CAN BE A GROUP OF PERSONS THAT ARE ASSOCIATED IN

3    FACT, ALTHOUGH THEY ARE NOT A LEGAL ENTITY.

4                    THIS CASE, AS YOU MAY HAVE HEARD,

5    INVOLVES A SECOND CATEGORY OF INDIVIDUALS.  THAT IS THE

6    ALLEGATION IS AN ENTERPRISE OF INDIVIDUALS ASSOCIATED IN

7    FACT.  BUT WE CALL IT AN ASSOCIATION IN FACT ENTERPRISE.

8                    T. LEVY ASSOCIATES ALLEGES THE ENTERPRISE

9    CONSISTS OF ALL THE DEFENDANTS, THAT EXISTS FOR THE

10   PURPOSES OF MISAPPROPRIATING THE ACT OF T. LEVY

11   ASSOCIATES FOR THEIR OWN USE, PRIMARILY IN THE OPERATION

12   OF BLC.

13                   IN ORDER TO FIND THE EXISTENCE OF AN

14   ASSOCIATION OF FACT ENTERPRISE, YOU HAVE TO FIND T. LEVY

15   PROVED, FIRST, THAT THIS GROUP HAD A PURPOSE AND A

16   LONGEVITY SUFFICIENT FOR THE MEMBERS OF THE GROUP TO

17   PURSUE ITS PURPOSE, SECOND, THE GROUP HAD AN ONGOING

18   ORGANIZATION, WHETHER FORMAL OR INFORMAL, WITH SOME SORT

19   OF FRAMEWORK FOR CARRYING OUT ITS OBJECTIVES, AND,

20   THIRD, THERE WAS A RELATIONSHIP AMONG THE MEMBERS OF THE

21   GROUP, AND THE MEMBERS OF THE GROUP FUNCTIONED AS A

22   CONTINUING UNIT TO ACHIEVE A COMMON PURPOSE.

23                   THE EVIDENCE THAT SHOWS A PATTERN OF

24   RACKETEERING ACTIVITY MAY BE CONSIDERED IN DETERMINING

25   WHETHER T. LEVY ASSOCIATES PROVED AN ASSOCIATION OF FACT

1    ENTERPRISE, AND PROOF OF A PATTERN OF RACKETEERING

2    ACTIVITY MAY BE SUFFICIENT FOR YOU TO INFER THE

3    EXISTENCE OF AN ASSOCIATION OF FACT ENTERPRISE.  T. LEVY

4    ASSOCIATES NEED NOT PROVE THE GROUP HAD A HIERARCHAL

5    STRUCTURE OR CHAIN OF COMMAND.  DECISIONS MAY HAVE BEEN

6    MADE ON THAT BASIS BY ANY NUMBER OF METHODS.

7              T. LEVY ASSOCIATES ALSO NEED NOT PROVE

8    THAT MEMBERS OF THE GROUP HAD FIXED ROLES.  DIFFERENT

9    MEMBERS CAN DO DIFFERENT ROLES AT DIFFERENT TIMES.

10   T. LEVY ASSOCIATES NEED NOT PROVE THE GROUP WAS A

11   BUSINESSLIKE ENTITY OR HAD A NAME OR REGULAR MEETINGS OR

12   RULES AND REGULATIONS, THINGS LIKE THAT.  AN ENTERPRISE

13   IS ALSO NOT LIMITED TO A GROUP WHOSE CRIMES ARE

14   SOPHISTICATED, DIVERSE, COMPLEX, OR UNIQUE.

15             THE SECOND ISSUE THAT WE TALKED ABOUT AND

16   I TALKED ABOUT THOSE FIVE THINGS IS THEY MUST BE ENGAGED

17   IN OR ACTIVITIES WHICH AFFECT INTERSTATE OR FOREIGN

18   COMMERCE.  T. LEVY HERE MUST SHOW THE THE ENTERPRISE

19   ENGAGED IN OR HAD AN AN EFFECT ON INTERSTATE OR FOREIGN

20   COMMERCE.  TO DO THAT, TO ENGAGE IN OR HAVE AN EFFECT ON

21   INTERSTATE FOREIGN COMMERCE MEANS THE ENTERPRISE EITHER

22   ENGAGED IN OR HAD AN EFFECT ON COMMERCE BETWEEN TWO OR

23   MORE STATES OR COMMERCE BETWEEN A STATE AND FOREIGN

24   COUNTRY.

25             AN ENTERPRISE ENGAGED IN INTERSTATE OR

1    FOREIGN COMMERCE WHEN IT IS ITSELF DIRECTLY ENGAGED IN

2    THE PRODUCTION, DISTRIBUTION, OR ACQUISITION OF

3    SERVICES, MONEY, GOODS OR OTHER PROPERTY IN INTERSTATE

4    OR FOREIGN COMMERCE.  ALTERNATIVELY, AN ENTERPRISE'S

5    ACTIVITY'S AFFECT INTERSTATE OR FOREIGN COMMERCE IF ITS

6    ACTIVITIES IN ANY WAY INTERFERED WITH, CHANGED, OR

7    ALTERED THE MOVEMENT OR TRANSPORTATION OR FLOW OF GOODS,

8    MERCHANDISE, OR OTHER PROPERTY BETWEEN OR AMONG TWO OR

9    MORE STATES AND BETWEEN A STATE AND FOREIGN COUNTRY.

10   T. LEVY ASSOCIATES MUST PROVE THAT THE ENTERPRISE

11   ACTIVITY HAD SOME EFFECT ON COMMERCE, NO MATTER HOW

12   MINIMAL OR SLIGHT.

13                 THEY DON'T HAVE TO -- IT DOES NOT HAVE TO

14   PROVE TO YOU THAT THE PATTERN OR INDIVIDUAL ACTS OF

15   RACKETEERING ACTIVITY THEMSELVES AFFECTED INTERSTATE OR

16   FOREIGN COMMERCE.  RATHER IT IS THE ENTERPRISE AND

17   ACTIVITY CONSIDERED AS A WHOLE THAT MUST BE SHOWN TO

18   HAVE THAT EFFECT.  ON THE OTHER HAND, THIS EFFECT ON

19   INTERSTATE OR FOREIGN COMMERCE MAY BE ESTABLISHED

20   THROUGH THE EFFECT OF CAUSED BY THE PATTERN OR

21   INDIVIDUAL ACT OF RACKETEERING ACTIVITY.

22                 THIRD, FORESEEABLE RICO, T. LEVY

23   ASSOCIATES MUST PROVE THAT THE DEFENDANTS WERE EMPLOYED

24   BY OR ASSOCIATED WITH THE ALLEGED ENTERPRISE.  TO PROVE

25   THE DEFENDANTS WERE EITHER EMPLOYED BY OR ASSOCIATED

1    WITH ENTERPRISE, T. LEVY ASSOCIATES MUST PROVE BY A

2    PREPONDERANCE OF THE EVIDENCE DEFENDANTS WERE CONNECTED

3    TO THE ENTERPRISE IN SOME MEANINGFUL WAY, AND THEY KNEW

4    OF THE EXISTENCE OF THE ENTERPRISE AND THE GENERAL

5    NATURE OF ITS ACTIVITIES.

6              THE FOURTH ISSUE ON CIVIL RICO, T. LEVY

7    ASSOCIATES MUST PROVE BY A PREPONDERANCE OF THE EVIDENCE

8    DEFENDANTS PARTICIPATED DIRECTLY OR INDIRECTLY IN THE

9    CONDUCT OF THE AFFAIRS OF THE ENTERPRISE.  TO DO THIS,

10   THEY MOST SHOW THERE IS A CONNECTION BETWEEN THE

11   DEFENDANTS AND THE CONDUCT OF THE AFFAIRS OF THE

12   ENTERPRISE AND THE DEFENDANTS TOOK SOME PART IN THE

13   OPERATION OR MANAGEMENT OF THE ENTERPRISE OR HAD SOME

14   ROLE IN DIRECTING THE ENTERPRISE'S AFFAIRS.

15             THE FIFTH ELEMENT FOR RICO, THE LAST ONE,

16   IS T. LEVY ASSOCIATES MUST PROVE THE DEFENDANTS

17   PARTICIPATED IN A CONDUCT OF THE ENTERPRISE AFFAIRS

18   THROUGH A PATTERN OF RACKETEERING ACTIVITY.  TO DO THAT,

19   THEY MUST PROVE THE FOLLOWING BY A PREPONDERANCE:

20             FIRST, DEFENDANTS COMMITTED AT LEAST TWO

21   OF THE ALLEGED ACTS OF RACKETEERING ACTIVITY AND THE

22   LAST ACT OF RACKETEERING ACTIVITY OCCURRED WITHIN TEN

23   YEARS AFTER THE COMMISSION OF THE PREVIOUS ACT OF

24   RACKETEERING ACTIVITY.

25             SECOND, THE ACTS OF RACKETEERING ACTIVITY

1    RELATED TO EACH OTHER, MEANING THERE IS A RELATIONSHIP

2    BETWEEN OR AMONG THE ACTS OF RACKETEERING ACTIVITY.

3    ACTS ARE RELATED TO ONE ANOTHER IF THEY HAVE THE SAME OR

4    SIMILAR PURPOSES, RESULTS, PARTICIPANTS, VICTIMS, OR

5    METHODS, OR THEY HAVE A COMMON DISCONTINUING

6    CHARACTERISTIC AND ARE NOT ISOLATED EVENTS.

7                    THIRD, THE ACT OF RACKETEERING ACTIVITY

8    AMOUNTED TO OR POSED A THREAT OF CONTINUED UNLAWFUL

9    ACTIVITY, MEANING THE ACTS EXTENDED OVER A SUBSTANTIAL

10   PERIOD OF TIME OR THE ACTS BY THEIR NATURE ARE LIKELY TO

11   BE REPEATED INTO THE FUTURE.

12                   AND FOURTH, THE DEFENDANTS CONDUCTED OR

13   PARTICIPATED, DIRECTLY OR INDIRECTLY, IN THE CONDUCT OF

14   THE ENTERPRISE'S AFFAIRS THROUGH THE POWER OF

15   RACKETEERING ACTIVITY.

16                   SO, JUDGE, WHAT DOES RACKETEERING

17   ACTIVITY MEAN?  RACKETEERING ACTIVITY AS DEFEND BY THE

18   CONGRESS IN THE RICO STATUTE INCLUDES ANY ACTS THAT

19   INVOLVE OR CAN BE CHARGED AS ANY OF A WIDE RANGE OF

20   CRIMES UNDER FEDERAL OR STATE LAW.  AN ACT OF

21   RACKETEERING ACTIVITY IS ALSO CALLED A PREDICATE ACT.

22   THAT'S ANOTHER WORD THAT WE USE.

23                   TO DETERMINE THERE'S A PATTERN OF

24   RACKETEERING ACTIVITY, YOU MUST CONSIDER ONLY THOSE

25   SPECIFIC RACKETEERING ACTS T. LEVY ASSOCIATES ALLEGED

1    AGAINST DEFENDANTS.  IN OTHER WORDS, YOU CAN'T MAKE THEM

2    UP, YOU CAN'T THINK OF SOME OTHER CRIMES.  IT HAS TO BE

3    WHAT THEY ARE SAYING THEY DID.  YOU CAN'T FIND

4    DEFENDANTS ENGAGED IN A PATTERN OF RACKETEERING ACTIVITY

5    UNLESS YOU UNANIMOUSLY AGREE ON WHICH OF THE ALLEGED

6    PREDICATE ACTS, IF ANY, MADE UP THE PATTERN.

7                    FOR EXAMPLE, IF SOME OF YOU FIND THAT THE

8    PREDICATE ACTS ARE A AND B AND OTHERS OF YOU FIND THE

9    PREDICATE ACTS ARE C AND D, THEN YOU DON'T HAVE AN

10   AGREEMENT, AND YOU CAN'T FIND A PATTERN OF PREDICATE

11   ACTIVITY.  EVEN IF YOU ALL AGREE THERE IS PREDICATE

12   ACTIVITY, IT HAS TO BE THE SAME ONE.

13                    THE RACKETEERING ACTIVITIES THAT ARE

14   ALLEGED HERE BY T. LEVY ASSOCIATES ARE ACTS THAT VIOLATE

15   THE FEDERAL, THAT'S THE UNITED STATES, MAIL AND WIRE

16   FRAUD STATUTES.  I HAVE TO EXPLAIN TO YOU THESE STATUTES

17   SO YOU UNDERSTAND WHETHER T. LEVY PROVED TO YOU THAT THE

18   DEFENDANTS VIOLATED THEM AS PREDICATE ACTS.

19                    FIRST, THE MAIL FRAUD STATUTE AS A

20   PREDICATE OFFENSE.  TO PROVE MAIL FRAUD, T. LEVY

21   ASSOCIATES MUST SHOW THE FOLLOWING:  THAT THE DEFENDANTS

22   WILLFULLY AND KNOWINGLY PARTICIPATED IN A SCREAM TO

23   DEFRAUD T. LEVY ASSOCIATES.  SECOND, THEY DID SO WITH AN

24   INTENT TO DEFRAUD, AND, THIRD, THEY USED THE U.S. MAIL

25   FOR THE PURPOSE OF EXECUTING THE SCHEME TO DEFRAUD.