IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| T. LEVY ASSOCIATES, INC., : | |
| : | Civil Action No. 16-4929 (MEK) |
| *Plaintiff,* : | |
| : | |
| v. : | |
| : | |
| MICHAEL R. KAPLAN, *et al.*, : | |
| : | |
| *Defendants.* : | |

## PRAECIPE FOR WRIT OF EXECUTION

TO THE CLERK:

    ISSUE WRIT OF EXECUTION in the above matter, directed to the United States Marshal for the Eastern District of Pennsylvania, and against:

| | | |
|---|---|---|
| Michael R. Kaplan | Nina Kaplan | BLC Beauty, Inc. |
| Jacksonville Station Apts. | Jacksonville Station Apts. | 46 West Road |
| 375 Jacksonville Road | 375 Jacksonville Road | Newtown, PA 18940-4301 |
| Warminster, PA 18974-1519 | Warminster, PA 18974-1519 | |

and against:

**OFFIT KURMAN
C/O PAUL J. WINTERHALTER, PRINCIPAL
TEN PENN CENTER
1801 MARKET STREET, SUITE 2300
PHILADELPHIA, PA 19103**

(Name and Address of Garnishee)

garnishee, and index this writ against *_____ and against_____

_____as garnishee, as a lis pendens

against real property of the judgment debtor in the name of the garnishee, as follows:

| | |
|---|---|
| Amount Due as to Michael R. Kaplan: | $966,262.50 |
| Amount Due as to Nina Kaplan: | $583,132.00 |
| Amount Due as to BLC Beauty, Inc.: | $583,130.50 |
| Interest From June 30, 2017: | $ |

Respectfully submitted,

SPECTOR GADON & ROSEN, P.C.

By: *Daniel J. Dugan*_____
   Daniel J. Dugan, Esquire
   Bruce Bellingham, Esquire
   1635 Market Street, 7th Floor
   Philadelphia, PA 19103
   ddugan@lawsgr.com
   215.241.8872

July 28, 2017                    *Attorneys for T. Levy Associates*

---

*Applicable to real estate only (Rule 3104(c) Pa. R.C.P.).
Civ. 637

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| T. LEVY ASSOCIATES, INC., | : |
| | : Civil Action No. 16-4929 (MEK) |
| *Plaintiff,* | : |
| | : |
| v. | : |
| | : |
| MICHAEL R. KAPLAN, *et al.*, | : |
| | : |
| *Defendants.* | : |

## WRIT OF EXECUTION

TO THE UNITED STATES MARSHAL FOR THE EASTERN DISTRICT OF PENNSYLVANIA:

To satisfy judgment, interest, and costs against:

| | | |
|---|---|---|
| Michael R. Kaplan | Nina Kaplan | BLC Beauty, Inc. |
| Jacksonville Station Apts. | Jacksonville Station Apts. | 46 West Road |
| 375 Jacksonville Road | 375 Jacksonville Road | Newtown, PA 18940-4301 |
| Warminster, PA 18974-1519 | Warminster, PA 18974-1519 | |

Name of Defendant(s)

(1.) You are directed to levy upon the property of the defendant(s) and to sell his/her/its interest therein:


(2.) You are also directed to attach the property of the defendant(s) not levied upon in the possession of:

**OFFIT KURMAN**
**C/O PAUL J. WINTERHALTER, PRINCIPAL**
**TEN PENN CENTER**
**1801 MARKET STREET, SUITE 2300**
**PHILADELPHIA, PA 19103**

(Name of Garnishee)

as garnishee.

ANY AND ALL CURRENT OR FUTURE RETAINERS, PAYMENTS, MONIES, OR ANY OTHER CONSIDERATION OR ANYTHING OF VALUE HELD, MAINTAINED AND/OR CONTROLLED BY, OR TO BE PAID TO OFFIT KURMAN BY OR FOR MICHAEL R. KAPLAN AND/OR NINA KAPLAN AND/OR BLC BEAUTY, INC..

(Specifically Describe Property)

and to notify the Garnishee(s) that

    (a)    an attachment has been issued;

    (b)    except as provided in paragraph (c), the garnishee is enjoined from paying any debt to or for the account of the defendant and from delivering any property of the defendant or otherwise disposing thereof;

    (c)    the attachment shall not include

        (i)    the first $10,000 of each account of the defendant with a bank or other financial institution containing any funds which are deposited electronically on a recurring basis and are identified as being funds that upon deposit are exempt from execution, levy or attachment under Pennsylvania or federal law.

        (ii)    each account of the defendant with a bank or other financial institution in which funds on deposit exceed $10,000 at any time if all funds are deposited electronically on a recurring basis and are identified as being funds that upon deposit are exempt from execution, levy or attachment under Pennsylvania or federal law.

        (iii)    any funds in an account of the defendant with a bank or other financial institution that total $300 or less. If multiple accounts are attached, a total of $300 in all accounts shall not be subject to levy and attachment as determined by the executing officer. The funds shall be set aside pursuant to the defendant's general exemption provided in 42 Pa.C.S.§8123.

(3)    If property of the defendant not levied upon and subject to attachment is found in the possession of anyone other than the named garnishee(s), you are directed to notify such other person that he or she has been added as a garnishee and are enjoined as above stated.

| | |
|---|---|
| Amount Due as to Michael R. Kaplan: | $966,262.50 |
| Amount Due as to Nina Kaplan: | $583,132.00 |
| Amount Due as to BLC Beauty, Inc.: | $583,130.50 |
| Interest From June 30, 2017: | $ |

                                                      KATE BARKMAN
                                                      (Clerk of Court)

                                  By: _____
                                                 (Deputy Clerk)

Seal of the Court

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| T. LEVY ASSOCIATES, INC., | : |
| | :    Civil Action No. 16-4929 (MEK) |
| *Plaintiff,* | : |
| | : |
| v. | : |
| | : |
| MICHAEL R. KAPLAN, *et al.*, | : |
| | : |
| *Defendants.* | : |

**WRIT OF EXECUTION**
**NOTICE**

     This paper is a Writ of Execution. It has been issued because there is a judgment against you. It may cause your property to be held or taken to pay the judgment. You may have legal rights to prevent your property from being taken. A lawyer can advise you more specifically of these rights. If you wish to exercise your rights, you must act promptly.

     The law provides that certain property cannot be taken. Such property is said to be exempt. There is a debtor's exemption of $300. There are other exemptions which may be applicable to you. Attached is a summary of some of the major exemptions. You may have other exemptions or other rights.

     If you have an exemption, you should do the following promptly: (1) Fill out the attached claim form and demand for a prompt hearing. (2) Deliver the form or mail it to the United States Marshal's office at the address noted.

     You should come to court ready to explain your exemption. If you do not come to court and prove your exemption, you may lose some of your property.

     YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.

LAWYER REFERENCE SERVICE
One Reading Center
11th Floor
Philadelphia, PA. 19107
(215) 238 - 1701

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| T. LEVY ASSOCIATES, INC., | : | |
| | : | Civil Action No. 16-4929 (MEK) |
| *Plaintiff,* | : | |
| | : | |
| v. | : | |
| | : | |
| MICHAEL R. KAPLAN, *et al.*, | : | |
| | : | |
| *Defendants.* | : | |

**CLAIM FOR EXEMPTION**

To the U.S. Marshal:

I, the above named defendant, claim exemption of property from levy or attachment:

(1) From my personal property in my possession which has been levied upon,

    (a) I desire that my $300 statutory exemption be

        (i) set aside in kind (specify) property to be set aside in kind:

        _____;

        (ii) paid in cash following the sale of the property levied upon; or

    (b) I claim the following exemption (specify property and basis of exemption):

    _____

(2) From my property which is in the possession of a third party, I claim the following exemptions:

    (a) My $300 statutory exemption:    in cash:     in kind (specify property):_____

    (b) Social security benefits on deposit in the amount of $_____

    (c) Other (specify amount and basis of exemption ): _____

_____
Civ. 640

    I request a prompt hearing to determine the exemption. Notice of the hearing should be given to me at _____

_____, _____.
            (Address)                                   (Telephone)

I declare under penalty of perjury that the foregoing statements made in this claim for exemption are true and correct.

Date:_____     _____
(Signature of Defendant)

THIS CLAIM TO BE FILED WITH THE OFFICE OF THE U.S. MARSHAL FOR THE EASTERN DISTRICT OF PENNSYLVANIA:

2110 United States Courthouse

601 Market Street

Philadelphia, Pennsylvania, 19106

(215) 597-7272

*Note:* Under paragraphs (1) and (2) of the writ, a description of specific property to be levied upon or attached may be set forth in the writ or included in a separate direction to the United States Marshal.

Under paragraph (2) of the writ, if the attachment of a named garnishee is desired, his name should be set forth in the space provided.

Under paragraph (3) of the writ, the United States Marshal may, as under prior practice, add as a garnishee any person not named in this writ who may be found in possession of property of the defendant.  See Rule 3111(a).  For limitations on the power to attach tangible personal property.  see Rule 3108 (a).

(b)  Each court shall by local rule designate the officer, organization or person to be named in the notice.

## MAJOR EXEMPTIONS UNDER PENNSYLVANIA AND FEDERAL LAW

1. $300.00 statutory exemption

2. Bibles, school books, sewing machines, uniforms and equipment.

3. Most wages and unemployment compensation.

4. Social Security benefits.

5. Certain retirement funds and accounts.

6. Certain veteran and armed forces benefits.

7. Certain insurance proceeds.

8. Such other exemptions as may be provided by law.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| T. LEVY ASSOCIATES, INC., : | |
| : | Civil Action No. 16-4929 (MEK) |
| *Plaintiff,* : | |
| : | |
| v. : | |
| : | |
| MICHAEL R. KAPLAN, *et al.*, : | |
| : | |
| *Defendants.* : | |

**INTERROGATORIES IN ATTACHMENT**

TO:   OFFIT KURMAN
　　　C/O PAUL J. WINTERHALTER, PRINCIPAL
　　　TEN PENN CENTER
　　　1801 MARKET STREET, SUITE 2300
　　　PHILADELPHIA, PA 19103

　　　You are required to file answers to the following interrogatories within twenty (20) days after served upon you. Failure to do so may result in a default judgment being entered against you. A copy of said answers must be served on the undersigned, Spector Gadon & Rosen, P.C., at 1635 Market Street - 7th Floor, Philadelphia, PA  19103. If your answer to any of the foregoing interrogatories is affirmative, specify the amount, value and/or nature of the subject property.

## I.  Definitions

1. "Defendant(s)" means and shall refer to Michael Kaplan and/or Nina Kaplan, with a former address of 82 Lenape Road, Richboro, PA 19054 and a current address of Jacksonville Station Apts., 375 Jacksonville Road, Warminster, PA 18974-1519 and/or BLC Beauty, Inc. with a current or former address of 46 West Road, Newtown, PA 18940-4301.

2. "You" means Offit Kurman, and all of its parent, subsidiary and affiliated companies, wherever located.

## II.  Interrogatories

1. (a) At the time you were served or at any subsequent time did you owe the defendant(s) any money, or were you liable to the defendant on any contract or any negotiable or other written instrument, or did the defendant(s) claim that you owed the defendant any money or were liable to defendant for any reason?

(b) If the answer to subparagraph (a) *above* is in the affirmative, please state with specificity for each account and/or relationship and/or contract or instrument:

      (a) The amounts held by you;

      (b) The account numbers;

      (c) All persons, including the defendant, who are named on those accounts or agreements with you.

**Response**:

2. At the time you were served or at any subsequent time was there in your possession, custody or control or in the joint possession, custody or control of yourself and one or more other persons any property of any nature (including, but without limitation, any safety deposit box) owned solely or in part by the defendant(s)? Please identify all such property, and identify (by name, title, last-known address and all other contact information) all persons who had or claimed ownership, custody, possession or control.

**Response**:




3. At the time you were served or at any subsequent time did you hold legal title to any property of any nature (including, but without limitation, any safety deposit box) owned solely or in part by the defendant(s), or in which the defendant held or claimed any interest? Please identify all such property, and identify (by name, title, last-known address and all other contact information) all persons claiming an ownership or other interest in said property.

**Response**:




4. At the time you were served or at any subsequent time did you hold as a fiduciary any property in which the defendant(s) had an interest? Please identify all such property.

**Response**:

5. At any time before or after you were served did the defendant(s) transfer or deliver any property to you or to any person or place pursuant to your direction or consent and if so, what was the consideration therefore? Please identify all such property, and identify (by name, title, last-known address and all other contact information) all such other persons.

**Response**:

6. At any time after you were served did you pay, transfer or deliver any money or property to the defendant(s) or to any person or place pursuant to the defendant(s) direction or otherwise discharge any claim of the defendant(s) against you? Please identify all such money and property, and identify (by name, title, last-known address and all other contact information) such other persons.

**Response**:

7. If you are a bank or other financial institution, at the time you were served or at any subsequent time did the defendant(s) have funds on deposit in an account in which funds are deposited electronically on a recurring basis and which are identified as being funds that upon deposit are exempt from execution, levy or attachment under Pennsylvania or federal

law? If so, identify each account and state the amount of funds in each account, and the entity electronically depositing those funds on a recurring basis.

**Response**:

8.    If you are a bank or other financial institution, at the time you were served or at any subsequent time did the defendant(s) have funds on deposit in an account in which the funds on deposit, not including any otherwise exempt funds, did not exceed the amount of the general monetary exemption under 42 Pa.C.S. §8123? If so, identify each account.

**Response**:

 

Respectfully submitted,

SPECTOR GADON & ROSEN, P.C.

By: *Daniel J. Dugan*
    Daniel J. Dugan, Esquire
    Bruce Bellingham, Esquire
    1635 Market Street, 7th Floor
    Philadelphia, PA 19103
    ddugan@lawsgr.com
    215.241.8872
    *Attorneys for T. Levy Associates*

July 28, 2017

## **VERIFICATION**

Understanding that false statements herein are made subject to the penalties of 18 Pa.C.S. §4904, Unsworn Falsification to Authorities, I verify that I am a Garnishee in the above matter and that, after inquiry, the facts set forth in the foregoing Answers to Interrogatories in Aid of Execution are true, correct and complete to the best of my knowledge, information and belief.

Dated:_____     _____
                                   Signature
Present Address:
_____
_____
Telephone Number:_____